UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **RHONDSHAWDA ACOSTA JONES,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **KILOLO KIJAKAZI,** ) <br> *Acting Commissioner* ) <br> *of Social Security*, ) <br> ) <br> **Defendant.** ) | Case No. 5:21-cv-380-LCB |

## OPINION & ORDER

Rhondshawda Acosta Jones, proceeding pro se, appeals a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g), claiming that the Commissioner erroneously denied her application for benefits. (Doc. 6 at 1). In her amended complaint, Jones makes a single allegation in support of her claim: "I'm not able to proform [sic] any kind of work." *Id.* at 3. For the reasons below, the Court affirms the Commissioner's decision and dismisses this case with prejudice.

Generally speaking, "an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also Draughon v. Comm'r, Soc. Sec. Admin.*, 706 F. App'x 517, 519 (11th Cir. 2017) (per curiam) (holding that a Social Security claimant

abandoned any issues he may have had on appeal when he "neither raised any specific arguments related to the ALJ's denial of supplemental security income or the magistrate judge's decision affirming the ALJ's denial of benefits, nor cited to any relevant authorities or portions of the records").

Here, Jones filed her amended complaint on March 31, 2021, claiming only that she is "not able to proform [sic] any kind of work." (Doc. 6 at 3). She has since provided no brief, evidence, authority, or argument in support of her claim. Accordingly, Jones has abandoned her claim and any supporting arguments she may have had on appeal. Having reviewed the administrative record and the Commissioner's brief, the Court finds that substantial evidence[1] supports the Commissioner's decision to deny Jones benefits. The Court therefore **AFFIRMS** the Commissioner's decision and **DISMISSES** this case with prejudice. The Court will enter a final judgment by separate order.

**DONE** and **ORDERED** March 31, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[1] Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam).